**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATIONWIDE EQUIPMENT COMPANY,

      Plaintiff,

vs.                                          Case No. 3:05-cv-236-J-32HTS

MICHEL ALLEN, et al.,

      Defendants.

## **ORDER**[1]

Nationwide Equipment Company ("Nationwide") sells heavy equipment in the United States and abroad. Nationwide has filed this case against a former employee, Michel Allen, his wife, Suzette Allen, and their two companies, a Florida corporation named Pioneer Equipment Company ("Pioneer") and a Nigerian corporation named Pioneer Equipment Nigeria, Ltd. ("Pioneer Nigeria"). (Doc. 6.) The Allens and Pioneer have filed an answer (Doc. 18), but Pioneer Nigeria has filed a motion to dismiss for lack of personal jurisdiction (Doc. 19). Nationwide has filed a memorandum in opposition to the motion. (Doc. 30.)

Neither side offers affidavits in support of its position on whether the Court

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

has personal jurisdiction over Pioneer Nigeria; each relies instead on the amended complaint allegations.  (Doc. 6.)  The Court will turn there, accepting them as true for the purpose of deciding the motion to dismiss.  Mutual Servs. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 n.6 (11th Cir. 2004)("The court must construe the allegations in the complaint as true if they are not contradicted by defendant's evidence.").

The amended complaint alleges that the Allens, Florida citizens, are the officers and directors of Pioneer Nigeria, and that they are operating and controlling Pioneer Nigeria from Florida, including Mrs. Allen's handling of the bank accounts and business in the United States while Mr. Allen is abroad.  (Doc. 6 ¶¶ 3, 5.)  The amended complaint further alleges that the Allens set up Pioneer Nigeria to pass themselves off as part of or related to Nationwide and to divert Nationwide's sales in Nigeria.  (Doc. 6 ¶ 16.)  The amended complaint asserts nine claims against the Allens, Pioneer, and Pioneer Nigeria: federal wire fraud (Count I), false and misleading use of trademarks and trade dress (Count II), civil theft of property (Count III), civil theft or embezzlement of trade secrets (Count IV), gross fraud (Count V), breach of the Florida Uniform Trade Secrets Act (Count VI), tortious interference with a contractual relationship (Count VII), breach of fiduciary duty and constructive trust (Count VIII), and misappropriation of trade secrets and unfair competition (Count IX).  (Doc. 6 ¶¶ 22-63.)

To determine whether Pioneer Nigeria has subjected itself to personal jurisdiction in Florida, the Court first must decide whether Nationwide has met its burden of pleading facts sufficient to establish a basis for such under Florida's long-arm statute.  Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000).  In deciding this issue, Florida's long-arm statute must be strictly construed.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996).

Relying primarily on its allegation that the Allens are controlling and operating Pioneer Nigeria from Florida, Nationwide asserts that the Court has personal jurisdiction over Pioneer Nigeria based on section 48.193(1)(a) of Florida's long-arm statute, under which a defendant subjects itself to jurisdiction in Florida for any claim "arising from" the defendant's act or the defendant's agent's act of "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state."  Fla. Stat. § 48.193(1)(a).[2]  Pioneer Nigeria did not address section 48.193(1)(a) in its motion to dismiss, and did not move to file a reply to do so.

---

[2] Florida's long-arm statute provides for general and specific jurisdiction. Wallack v. Worldwide Machinery Sales, Inc., 278 F. Supp. 2d 1358, 1365-66 (M.D. Fla. 2003).  General jurisdiction arises from a defendant's contacts with Florida unrelated to the litigation.  Id.  Specific jurisdiction arises from a defendant's acts related to the litigation.  Madara v. Hall, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). Section 48.193(1)(a), on which Nationwide relies, is a specific jurisdiction provision.

Under section 48.193(1)(a), a defendant will be deemed to be "carrying on a business or business venture" in Florida if its actions, viewed collectively, "show a general course of business activity in [Florida] for pecuniary benefit." Sculptchair, 94 F.3d at 627. When the defendant is a corporation, it may subject itself to jurisdiction through the actions of its agents acting on behalf of the corporation. Nida Corp. v. Nida, 118 F. Supp. 2d 1223, 1227 (M.D. Fla. 2000).

The amended complaint reflects that Nationwide's claims against Pioneer Nigeria "arise from" both Pioneer Nigeria's actions in Nigeria and the Allens' actions in running Pioneer Nigeria from Florida as its officers and directors.[3] These allegations, taken together and unrebutted by Pioneer Nigeria, are sufficient to establish a basis for personal jurisdiction under section 48.193(1)(a). See, e.g., Sculptchair, 94 F.3d at 629 (concluding that district court would have had personal jurisdiction over Canadian corporation based on individual's activities in Florida if the corporation exercised control over the individual such that the individual would be considered agent and not independent contractor.)[4]

---

[3] It stands to reason that corporate officers and directors are deemed agents of the corporations appointing them. United Towing Co. v. Phillips, 242 F.2d 627, 630 (5th Cir. 1957); see also Etheredge v. Barrow, 102 So. 2d 660, 662 (Fla. 2d DCA 1958)(discussing agency in fiduciary context).

[4] Given this conclusion, the Court need not address Nationwide's argument that the Court has specific jurisdiction over Pioneer Nigeria based on sections 48.193(1)(b) and 48.193(1)(f).

The personal jurisdiction inquiry does not end there.  The Court next must ensure that asserting personal jurisdiction over Pioneer Nigeria does not violate constitutional due process.  Mutual Servs. Ins. Co., 358 F.3d at 1319.  The due process analysis considers: (1) whether the defendant purposefully established minimum contacts with the forum state; and (2) whether the assertion of personal jurisdiction comports with "fair play and substantial justice."  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 258-59 (11th Cir. 1996)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

Pioneer Nigeria summarily argues that Nationwide has not alleged facts establishing a relationship among Pioneer Nigeria, Florida, and the claims alleged in the amended complaint sufficient to satisfy due process.  Nationwide responds to the contrary, pointing to its allegations that Pioneer Nigeria, a company run from Florida through the Allens as its officers and directors, has engaged in, among other things, a conspiracy to misappropriate trade secrets, trademarks, and Nationwide's reputation, and to divert funds and contracts from Nationwide to Pioneer Nigeria.  These allegations, again uncontradicted by Pioneer Nigeria at this stage, are sufficient to satisfy due process.

For these reasons, it is hereby **ORDERED**:

1.      Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 19) is **DENIED**.

2.	Defendant Pioneer Nigeria must file an answer to the amended complaint on or before **October 31, 2005**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 14, 2005.

	_____
	TIMOTHY J. CORRIGAN
	United States District Judge

m.
Copies to counsel of record