**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATIONWIDE EQUIPMENT COMPANY,

    Plaintiff,

v.                          CASE NO. 3:05-cv-236-J-32HTS

MICHEL ALLEN; SUZETTE ALLEN;
PIONEER EQUIPMENT COMPANY, and
PIONEER EQUIPMENT NIGERIA, LTD.,

    Defendants.

_____

**O R D E R**

This cause is before the Court on Defendants' Response to the Court Order Dated November 7, 2005 (Doc. 89) and Motion for Protective Order (Doc. #96; Motion), filed on November 30, 2005. On December 15, 2005, the Certificate of Conference Pursuant to Court Order Dated December 10, 2005 (Doc. #102; Notice) was submitted. No opposition has been filed in response to the Motion and the time for doing so has passed. *See* Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida.

According to Defendants, "[b]oth parties continue to engage in and both parties have objected to discovery efforts designed to obtain commercial information related to activities after" February 4, 2005. Motion at 2 (emphasis and internal citation omitted). It is submitted a "detailed and appropriate protective order is required." *Id.* at 5. Defendants request either *in camera* review of documents or, alternatively, "an expanded protective order" for

the parties' commercial information.  *Id.* at 6.  Although "Plaintiff's counsel [has] indicated a willingness to agree to an 'Eyes Only' Order along the lines previously provided by the Court . . . the parties have not agreed on the remaining issues concerning the timing and scope of permissible review, adequate limitations on proper use, and the appropriateness of in camera review[.]"  Notice at 2.

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, the Court may, for good cause shown, enter a protective order.  As there has not been shown a necessity and a lack of viable alternatives, the Court declines to conduct the requested *in camera* review.[1]  Nevertheless, given the circumstances, including the numerous motions for protective order from both sides currently pending, good cause exists for additional protection of the parties' commercially sensitive information.[2]

---

[1] The Motion argues "post employment termination competition is neither unlawful nor does it give[] rise to a claim on behalf of Plaintiff[.]" Motion at 4; *see also id.* at 5; *cf.* Amended Complaint (Doc. #6) ¶¶ 7, 19-20, 49, 53-54, 62-63.  Thus, it is asserted "in camera review [should be conducted] to determine the appropriateness of disclosure to Plaintiff[.]"  Motion at 5.  It was noted by the Court in the Order (Doc. #44), entered on May 24, 2005, that Defendants had acknowledged "it would be improper for [Michel] Allen to contact a Nationwide customer, knowing, because of his employment with Nationwide, the specific details about an accepted Nationwide quote to that customer for specific equipment and to use that knowledge to make the customer a better offer[.]" *Id.* at 11 n.8.  If, however, Defendants intend to suggest Plaintiff fails to state a cause of action, this may be brought before the Court by proper motion.

[2] Defendants purport to incorporate by reference arguments set forth in "the Request for Review (Doc. 78) and Defendants' Response and Objection to Plaintiffs' Motion to Compel discovery (Doc. 93), Defendants' Motion to Quash with respect to subpoenas directed to Dredge and Marine, OGSI and Safmarine (Doc. 94) and Defendants' Motion for Protective Order (Re: Jerrell - Doc. 67)[.]" Motion at 2.  In the future, rather than merely referencing a multitude of other filings, arguments supporting a motion should be set forth therein.

Accordingly, the Motion (Doc. #96) is **GRANTED** to the extent the Court will enter a protective order. The proposed Protective Order, attached to the Motion as Exhibit A, too broadly defines classified information as "any information of any type, kind or character which is designated . . . by any of the supplying or receiving parties . . . [that the party] in good faith believes contains confidential information." *Id.* at 1-2. In light of the foregoing, the parties are instructed to meet within five (5) days and come to an agreement on the terms of a more precisely drawn proposed protective order and, within that same time period, submit it to the Court. The materials to be protected shall be defined as proprietary or other confidential commercial, financial, or personal information and documents containing the same. Further, in view of the discussion herein, any proposed protective order should not contain a provision for wholesale *in camera* review. Of course, any party may ask for such review in appropriate limited circumstances. In the event the parties, after working cooperatively, are unable to concur on remaining terms for the proposed order, the submission shall contain the text on which agreement was reached as well as the terms on which the parties have been unable to come to an accord, with suggested language provided by each side.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of January, 2006.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any