UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATIONWIDE EQUIPMENT COMPANY,

    Plaintiff,

v.                                    CASE NO. 3:05-cv-236-J-32HTS

MICHEL ALLEN; SUZETTE ALLEN;
PIONEER EQUIPMENT COMPANY, and
PIONEER EQUIPMENT NIGERIA, LTD.,

    Defendants.

## **O R D E R**

This cause is before the Court on the Motion to Compel Answers to Plaintiff's First Set of Interrogatories and to Request for Production and for Attorneys Fees and Costs (Doc. #91; Motion). The Motion is opposed. Defendants' Response, Objection to Plaintiff's Motion to Compel (Document 91-1) and Request for Relief (Protective Order) (Doc. #93; Opposition Motion). Plaintiff's Response to Defendants' Motion for Protective Order (Doc.#93)(Doc. #98; Response) was also filed.

With respect to the production of documents, Plaintiff states

> Defendants[] specifically withheld the following information: Pioneer Equipment Company bank records (February 2005 to date), Pioneer Investment bank Records (February 2005 to date), Personal bank records for Michel D. and Suzette Allen (February 2005 to date), T-Mobile phone records, Michel Allen (February 2005 to date), American Express credit cards, Michel Allen (February 2005 to date), BellSouth phone records, Suzette Allen (February 2005 to date), Pro Forma invoices (February

>       2005 to date-privilege log providing date invoice and the
>       customer only), Invoices (February 2005 to date-
>       privilege log providing date invoice # and customer
>       only), and OGSI Oxygen Customer Communication/Quotes
>       (February 2005 to date privilege log providing date
>       invoice and customer only).

Motion at 5.  As well, the interrogatories at issue are listed: "Plaintiff's Interrogatories numbers 3, 4, 8, 10 and 12. Plaintiff's Interrogatory number 14 was answered but the Defendants did not answer the question posed." *Id.*  Attorney fees and costs incurred in connection with the Motion are also requested. *Id.* at 9-10.

Defendants argue Plaintiff is not entitled to this discovery "for periods after February 4, 2005." Opposition Motion at 2; *see id.* at 3.  They assert "that the materials sought for periods after [Mr. Allen's] termination of employment [with Plaintiff] are irrelevant[.]" *Id.* at 2.  Thus, a protective order is sought "providing solely for in camera disclosure to the Court along with concurrent production by Plaintiff of any alleged executory contracts upon which relief is based[.]" *Id.* at 8.

Plaintiff believes such review is unnecessary. *See* Response at 1-3.  It is further stated "Plaintiff does not seek to 'undermine the Defendants' competition' [but] simply . . . to find out the extent of the Defendants' fraud as outlined in the Complaint." *Id.* at 3.

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Federal Rules of Civil Procedure.  Under this standard, it appears information relating to sales made by Defendants after the termination of Mr. Allen's employment is relevant.

This case is the result of an alleged conspiracy "to misappropriate the trade secrets, trademarks, and reputation of [Nationwide Equipment Company (NWE) in order] to divert funds and contracts between [NWE] and its customers in Africa[.]" Amended Complaint (Doc. #6; Complaint) ¶ 7.  It is asserted Michel Allen, while employed by Plaintiff, took business that belonged to NWE. *See id.* ¶¶ 10-11, 17, 19.  According to Plaintiff "African sales take six months at a minimum, and if Allen is making cash sales six months after he left the company, those sales are almost certainly the result of Allen issuing quotes to NWE customers which undercut NWE quotes, and which are based upon insider information he obtained while . . . sales manager for NWE." Motion at 4 (footnote omitted).  As such, it appears that sales initiated during Mr. Allen's employment could have been finalized some time after he left NWE and Plaintiff has sufficiently demonstrated the relevance of materials from after February 4, 2005.[1]

---

[1] With respect to Defendants' answer to Interrogatory 14, Plaintiff desires the Court to deem established that "the Defendants cannot show any sales which they have made to customers whose names were obtained from publically available sources." *Id.* at 9. It is noted the persons to whom Defendants

Although Defendants included a privilege list regarding information withheld in the responses to the interrogatories and requests for production, *see* Defendant's Answers and/or Objections to Plaintiff's First Set of Interrogatories, attached to the Motion as Exhibit C, at (internally numbered) 10-11; Defendant's Response and Objections to Plaintiff's First Request for Production, attached to the Motion as Exhibit D, at 7-8, no privilege is asserted or discussed in the Opposition Motion.  Instead, it is argued Plaintiff intends "to misuse competitor information, perpetrate a fraud on the court, to threaten or chill prospective Defendants['] customers and suppliers relations, and obtain, in effect a defacto non-compete[.]" Opposition Motion at 3.  Such an intent on the part of Plaintiff is not apparent and has not been demonstrated.  The Court notes the Protective Order (Doc. #84), entered on September 26, 2005, is applicable.  Pursuant thereto, customer lists are confidential and price quotations are to be "viewed by counsel only." *Id.* at 1.  Other than the request for *in camera* review, Defendants have not requested additional protection in the Opposition Motion.  However, the Court has entered an Order (Doc. #108) granting protection for certain confidential information and instructing the parties to submit a proposed

---

represented they had made no sales were those contacted during Mr. Allen's employment "in which Nationwide was not aware of the quote/negotiation/sale/contract." Plaintiff's First Interrogatories to Michel Allen, attached to the Motion as Exhibit B, at (externally numbered) 13 (emphasis omitted).  Plaintiff's proposed fact does not follow from Defendants' representation it made no sales to these particular individuals and therefore the relief sought will not be allowed.

protective order within five days. *See id.* at 3. This will be applicable to the materials produced pursuant hereto.

In light of the foregoing, the Motion (Doc. #91) is **GRANTED** to the extent Defendants shall fully respond to the discovery at issue within twenty (20) days from the date of this Order. Plaintiff's request for an extension of its expert witness disclosure deadline, *see* Motion at 3, is **DENIED** without prejudice to the filing of a stand-alone motion containing the requisite good cause showing. Further, Defendants' petition for *in camera* review contained in the Opposition Motion (Doc. #93) is **DENIED**. *See also* Order (Doc. #108) at 2.

In addition, Defendants shall pay Plaintiff's attorney fees incurred in connection with the filing of the Motion. In this regard, the parties are directed to meet and attempt to agree on an appropriate sum within twenty (20) days from the date of this Order. If they are unable to agree, Plaintiff shall file, within the same time period, a motion requesting that the Court determine the proper amount, accompanied by an affidavit documenting the relevant expenses. This award does not include fees related to the preparation of the Response.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of January, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
     and *pro se* parties, if any