**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


NATIONWIDE EQUIPMENT COMPANY,

    Plaintiff,

v.                                      CASE NO. 3:05-cv-236-J-32HTS

MICHEL ALLEN; SUZETTE ALLEN;
PIONEER EQUIPMENT COMPANY, and
PIONEER EQUIPMENT NIGERIA, LTD.,

    Defendants.
_____

### O R D E R

    On January 10, 2006, an Order (Doc. #108; Order) was entered finding good cause for a protective order, *id.* at 2, and directing the parties to "meet . . . and come to an agreement on the terms" of such an order to be submitted for the Court's consideration. *Id.* at 3.  It was further instructed that if "the parties, after working cooperatively, [were] unable to concur on [the] terms [of the order] the submission [was to] contain the text on which agreement was reached as well as the terms on which the parties ha[d] been unable to come to an accord, with suggested language provided by each side." *Id.*

    Notwithstanding the Court's directive, a review of the filings reveals the parties have not provided a single proposed protective order which includes suggested text from both where necessary. Rather, two responses to the Order have been received. Plaintiff's

Response to Court's Order (Doc. #108) (Doc. #111), filed on January 18, 2006; Defendants' Response to the Court Order Dated January 10, 2006 (Doc. 108) (Doc. #112; Defendants' Response), filed on January 19, 2006.

Upon due consideration and following review of the submissions, the Court will enter the Protective Order, attached to Defendants' Response as Exhibit B, the terms of which seem to have been discussed by the parties. *See* Exhibit A, attached to Defendants' Response. Although the procedure for handling confidential information appears to be drawn precisely in most respects, it does not provide a specific mechanism for the parties to seek and obtain leave of Court before filing the confidential information. To avoid potential voluminous filings under seal, the Protective Order will be entered, but the parties must seek leave of Court before filing confidential material under seal.

In accordance with the foregoing, the Protective Order is incorporated herein, as modified, and entered as the Court's Order pursuant to Rule 26(c). However, any party seeking to file sensitive information in this case under seal, for whatever reason, must first obtain Court approval. The motion for leave of Court shall generally describe the confidential material and set forth the necessity for its receipt under seal. Only after the Court rules that such information may be received under seal may the confidential material be filed. The parties shall confer prior to

bringing such a motion in an effort to minimize the number of requests for *in camera* filings.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2006.

/s/         Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
 and *pro se* parties, if any