UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATIONWIDE EQUIPMENT COMPANY,
　　　　Plaintiff

vs.                                                         CASE NO. 3:05-cv-236-J-32HTS

MICHEL ALLEN; SUZETTE ALLEN;
PIONEER EQUIPMENT COMPANY, and
PIONEER EQUIPMENT NIGERIA, LTD,
　　　　Defendants.

_____

### PROTECTIVE ORDER

~~Upon motion of all the parties for a Protective Order~~ Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means proprietary or other confidential commercial, financial, or personal information and documents containing the same which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For

Page 1 of 10

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.  "Qualified Persons," as used herein means:

(a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only (or "Attorneys' Eyes only") information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

(c) The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed ~~a copy of~~ document to be ~~filed with the Clerk of this Court~~ *HTP* by the party designating such person); and → provided to opposing counsel *HS*

Page 2 of 10

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating " Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). A party receiving third party documents produced in this action shall promptly notify opposing counsel of the receipt of the documents and shall within 10 days of receipt make appropriate designations and produce the materials pursuant to this Order, unless otherwise agreed or ordered by the Court.

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b) Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendants). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

copies shall be made of any such documents. Copies of documents produced under this Protective Order ~~maybe~~ *may be* made, or exhibits prepared by independent copy *its* services, printers or illustrators for the purpose of this litigation.

(c) Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of Paragraph 3 above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only) during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only) at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. If the designating party seeks relief, disclosure will be stayed pending the Courts review and determination.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

    (a) is in the public domain at the time of disclosure, as evidence by a written document;

    (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13. ~~Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.~~ *MSS*

14. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3 (a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or. order of the Court with respect to dissolution or modification of such protective orders.

15. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein: provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order. To the extent a party seeks to disclose specific contents of designated information, the parties shall first attempt to resolve the matter pursuant to Paragraph 9.

16. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order

Done and Ordered this 27th day of January 2006, at Jacksonville, Florida.

United States Magistrate Judge

Copies furnished to:

G.J. Rod Sullivan, Jr., Esquire
Sullivan & Company
Attorney for Plaintiff
8777 San Jose Boulevard, Suite 803
Jacksonville, FL 32217

David B. Ferebee, Esquire

Nationwide Equipment Company vs. Michel Allen, Suzette Allen, Pioneer Equipment Company & Pioneer Equipment Nigeria, Ltd.
Case No. 3:05-CV-236-J-32HTS
Protective Order

Attorney for Defendants, Michel Allen, Suzette Allen, and Pioneer Equipment Company
P.O. Box 1796
Jacksonville, Florida   32201