```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

NATIONWIDE EQUIPMENT COMPANY,

       Plaintiff,

v.                                          CASE NO. 3:05-cv-236-J-32HTS

MICHEL ALLEN; SUZETTE ALLEN;
PIONEER EQUIPMENT COMPANY, and
PIONEER EQUIPMENT NIGERIA, LTD.,

       Defendants.
_____

### **O R D E R**

This cause is before the Court on Defendants' Motion to Compel Responses to Defendants' First Request for Production and for Attorneys Fees and Costs (Doc. #113; Motion), filed on January 26, 2006.

The Motion does not include a memorandum of law as required pursuant to Rule 3.01(a), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)). Additionally, while Defendants represent they "faxed and mailed [to Plaintiff's counsel] a detailed written summary of [their] position" in regard to the issues raised in the Motion, *id*. at 1, they have not

satisfied the requirements of Local Rule 3.01(g).  *See also* untitled letter (Letter), attached to the Motion as Exhibit C.

A "very important rule[,]" *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996), Local Rule 3.01(g) mandates "a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action, and does not envision an exchange of ultimatums by fax or letter." *Lockheed Martin Corp. v. The Boeing Co.*, Case No. 6:03-cv-796-Orl-28KRS, 2003 WL 22962782, at *5 (M.D. Fla. October 21, 2003); *see also Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) ("Rule 3.01(g) requires counsel and unrepresented parties to . . . speak to each other in person or by telephone[.]").  Active dialogue undertaken in a good faith effort to come to an agreement is potentially much more effective than a volley of letters.  In view of the importance of such effort, "Local Rule 3.01(g) is strictly enforced." *United States v. Gwinn*, No. 8:02-CV-1112-T-27EAJ, 2003 WL 21356785, at *2 (M.D. Fla. April 25, 2003) (citing Middle District Discovery (2001)).

Here, Defendants merely sent a letter regarding their belief that many responses to the discovery requests at issue were "incomplete, non responsive, and the objections posed [were] without merit." Letter at [unnumbered] 1.  Plaintiff was given

five business days to respond.  *Id.*  No other communication was apparently attempted, *see* Motion at 1-2, and no response was received from Plaintiff.  *Id.* at 2 (stating "[n]o additional documents were produced, no supplemental responses were provided, nor was any answer or response of any kind to the correspondence received by Defendants' counsel").  This is plainly insufficient.

In light of the foregoing, the Motion (Doc. #113) is **STRICKEN.**

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2006.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
 and *pro se* parties, if any